UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTINE TIMMON,

    Plaintiff,                                           Civil Action No. 21-CV-10378

vs.                                                   HON. BERNARD A. FRIEDMAN

JOSEPH R. BIDEN JR.,

    Defendant.
_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION
## TO PROCEED IN FORMA PAUPERIS AND DISMISSING THE COMPLAINT

This matter is presently before the Court on plaintiff's application to proceed in forma pauperis [docket entry 2]. For the following reasons, the Court shall (1) grant the application and therefore allow the complaint to be filed without prepayment of the filing fee, and (2) dismiss the complaint because it fails to state a claim and because the Court lacks subject matter jurisdiction.

Pursuant to 28 U.S.C. § 1915(a)(1), the Court may permit a person to commence a lawsuit without prepaying the filing fee, provided the person submits an affidavit demonstrating that he/she "is unable to pay such fees or give security therefor." In the present case, plaintiff's application to proceed in forma pauperis makes the required showing of indigence. The Court shall therefore grant the application and permit the complaint to be filed without requiring plaintiff to prepay the filing fee.

Pro se complaints are held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, the Court must dismiss an in forma pauperis complaint if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28

U.S.C. § 1915(e)(2)(B).  Further, whether plaintiff has paid the filing fee or not, the Court must dismiss any complaint over which it lacks subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3).

In the present case, plaintiff seeks an injunction requiring President Biden "to refrain from all federal immigration orders, including his 'path to citizenship' that he recently announced he will institute so that millions of illegals will have access to America entitlements [sic] and voting." Compl. at 1.  Plaintiff alleges that "[f]ederal immigration is an invasion of the States" and that "illegals are engaging in insurrection and rebellion against the United States of America and must be stopped by the Militia including licensed State Militias under constitutional laws." *Id.* at 2.

Plaintiff's complaint fails to allege any basis upon which the Court could enjoin the President from issuing "immigration orders."  The only such order she identifies is the "path to citizenship," which is not an Executive Order but widely publicized legislation the White House has proposed.  *See* https://www.usatoday.com/story/news/politics/2021/02/18/lawmakers-introduce-president-joe-biden-immigration-legislation/6726804002 (last visited Feb. 23, 2021).  Plaintiff has failed to state a claim on which relief may be granted.

Further, plaintiff has failed to allege that she has standing to contest the President's immigration actions.  As the Supreme Court has explained,

> Article III of the Constitution confines the judicial power of federal courts to deciding actual "Cases" or "Controversies." § 2. One essential aspect of this requirement is that any person invoking the power of a federal court must demonstrate standing to do so. This requires the litigant to prove that he has suffered a concrete and particularized injury that is fairly traceable to the challenged conduct, and is likely to be redressed by a favorable judicial decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). In other words, for a federal court to have authority under the Constitution to settle a dispute, the party before

it must seek a remedy for a personal and tangible harm. *Hollingsworth v. Perry*, 570 U.S. 693, 704 (2013). Plaintiff alleges no concrete, particularized, injury of any kind, just "an abstract and generalized harm to a [her] interest in the proper application of the law," which does not suffice to establish standing. *Carney v. Adams*, 141 S. Ct. 493, 498 (2020). Because plaintiff lacks standing, the Court lacks subject matter jurisdiction over her complaint. *See id.* Accordingly,

IT IS ORDERED that plaintiff's application to proceed in forma pauperis is granted. The complaint is filed and the filing fee need not be prepaid.

IT IS FURTHER ORDERED that the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim and pursuant to Fed. R. Civ. P. 12(h)(3) for lack of subject matter jurisdiction

                                                  s/Bernard A. Friedman
                                                  Bernard A. Friedman
Dated: February 24, 2021        Senior United States District Judge
       Detroit, Michigan

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 24, 2021.

Christine Timmon                            s/Johnetta M. Curry-Williams
22021 Donald Ave.                           Case Manager
Eastpointe, MI 48021-2436